# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 3:20-180 |
| **BRIAN LARRY,** | : | (JUDGE MANNION) |
| Defendant | : | |

## MEMORANDUM

Presently before the court is the April 19, 2021 motion *in limine* filed by the government to preclude defendant Brian Larry from impeaching its Cooperating Witness No. 1 ("CW-1"), who will testify during its case-in-chief, with CW-1's 2000 convictions for multiple counts of racketeering, obtaining money by false pretenses, and insurance fraud. (Doc. 53). On April 15, 2021, Larry's defense counsel notified the government of his intention to impeach CW-1 with the stated prior convictions, pursuant to Fed.R.Evid. 609(b). Defendant, through his counsel, opposes the government's motion. (Doc. 57). For the reasons set forth below, the government's motion will be **DENIED**.

## I. BACKGROUND[1]

On July 28, 2020, an Indictment was filed against defendant Larry charging him with the following offenses: Count 1, Wire and Mail Fraud Conspiracy, beginning January 8, 2014 through October 2, 2018, in the Middle District of Pennsylvania, in violation of Title 18 U.S.C. §1349; Counts 2, 4, 6, 9, 11 & 12 Wire Fraud, in violation of Title 18 U.S.C. §1343; Counts 3, 5, 7, 8, & 10 Aggravated Identity Theft, in violation of Title 18 U.S.C. §1028A; and Count 13, False Statement, in violation of Title 18 U.S.C. §1001. (Doc. 1).

The government details in its brief, (Doc. 54 at 1-2), the background of the charges against Larry as follows:

> The charges arise out of a scheme whereby Larry [allegedly] stole the personal information of automobile warranty policy owners from his employer and provided that information to his coconspirators. Those coconspirators used the information to create false invoices for nonexistent automobile repairs, bearing the forged signatures of the policy owners. Those false invoices were submitted for payment to Larry's employer and approved for payment by Larry. The coconspirators then split the proceeds of their fraud.
>
> Larry's codefendant and several other individuals have pleaded guilty and entered resolutions with the United States for their participation in the scheme. Trial is scheduled for May 3, 2021, and the United States anticipates calling Cooperating Witness No. 1 (CW-1) to testify during

---

[1]Since the complete background of this case is stated in the briefs of the parties, it will not be fully repeated herein.

its case-in-chief. CW-1 previously pleaded guilty to conspiring to commit wire fraud, and to aggravated identity theft, for CW-1's involvement in the scheme [related to the charges in this case] with Larry.

The government's motion *in limine* has been briefed, (Docs. 54 & 57), and the matter is now ripe for this court's review.

The trial in this case is scheduled to commence on May 3, 2021.

## II. STANDARD

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." United States v. Tartaglione, 228 F.Supp.3d 402, 406 (E.D. Pa. 2017). On a motion *in limine*, evidence should only be excluded "when the evidence is clearly inadmissible on all potential grounds." *Id.* Evidentiary rulings on motions *in limine* are subject to the trial judge's discretion and are therefore reviewed for an abuse of discretion. Abrams v. Lightolier, Inc., 50 F.3d 1204, 1213 (3d Cir. 1995); Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994). "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial." Ridolfi v. State Farm Mutual Auto. Ins. Co., 2017 WL 3198006, *2 (M.D. Pa. July 27, 2017). Further, "[c]ourts may

exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence." *Id.*

"A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context." Tartaglione, 228 F.Supp.3d at 406. "Further, a trial court's ruling on a motion *in limine* is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer.'" *Id*. (quoting Luce v. United States, 469 U.S. 38, 41, 105 S.Ct. 460 (1984)).

### III. DISCUSSION

The government seeks to preclude defendant Larry from impeaching CW-1 with his prior convictions under Rule 609(b) when the witness testifies in its case-in-chief. Specifically, in July 2000, CW-1 pleaded guilty to multiple counts of racketeering, obtaining money by false pretenses, and insurance fraud. CW-1 was subsequently released from prison in November 2001. The government argues that CW-1's 20 year old convictions are too remote, and that there will be no prejudice to Larry since CW-1 will admit during his testimony at trial to pleading guilty to charges that were filed against both of them in this case, including fraud and identity theft charges. As such, the

government seeks the exclusion of the 20-year-old *crimen falsi* convictions as impeachment evidence against its cooperating witness, CW-1.

Federal Rule of Evidence 609 pertains to the use of a witness's prior convictions for impeachment purposes and provides:

> (a) The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant[.]
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.
>
> (b) **Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed.R.Evid. 609(a)(1)(A), and (2).

No doubt that "Rule 609 permits evidence of a prior felony conviction to be offered to impeach a testifying witness." U.S. v. Caldwell, 760 F.3d 267, 286 (3d Cir. 2014). Additionally, "[i]f the prior conviction involves a dishonest act or false statement, then Rule 609 provides that the evidence is automatically admissible and may be used to impeach the [witness] regardless of whether it is determined that the probative value of the evidence outweighs the prejudicial effect." U.S. v. Slade, 2013 WL 5873576, *3 (E.D. Pa. Nov. 1, 2013) (citing Fed.R.Evid. 609(a)(2)). "*Crimen falsi* convictions are not subject to the general balancing test of Rule 403." *Id*. (citing United States v. Wong, 703 F.2d 65, 67 (3d Cir. 1983)).

As the court in Slade, *id*., then explained:

Rule 609(b) provides that evidence of a conviction is generally inadmissible if more than ten years have elapsed since the date of the defendant's conviction or release from confinement, whichever is later. Fed.R.Evid. 609(b). However, the district court has discretion to admit the prior conviction if it determines that "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." *Id.* at 609(b)(1).

In short, "convictions over ten years old are only to be admitted in exceptional circumstances and the Rule 403 balancing is reversed", i.e., "under Rule 403 unfair prejudice must substantially outweigh the evidence's

probative value, [but] for convictions over ten years old, the probative value of the conviction must substantially outweigh the prejudicial effect." United States v. Jessamy, 464 F.Supp.3d 671, 674 (M.D. Pa. 2020).

CW-1's relevant prior convictions which the government seeks to preclude Larry from using to impeach this witness on cross-exam are CW-1's 2000 convictions for obtaining money by false pretenses and insurance fraud.[2] These crimes were punishable by imprisonment for more than one year and are *crimen falsi* offenses since they "implicate dishonesty and deceit and certainly bear upon [the witness's] credibility and veracity." Slade, 2013 WL 5873576, *5 (citing United States v. Collier, 527 F.3d 695, 699 (8th Cir. 2008) (concluding that credit card fraud is a crime of dishonesty containing an element of deceit, which relates to a witness's "propensity to testify truthfully"); Foye v. Cameron, 2012 U.S. Dist. LEXIS 185329, at *13 n. 18, 2012 WL 6952791 (E.D. Pa. May 21, 2012) (noting that the crime of access device fraud is a crime of dishonesty)). "Moreover, any crime that requires proof of intent to defraud 'by definition involves some element of deceit, which would bear upon one's propensity to testify truthfully.'" *Id*.

---

[2]The government notes that the defendant has complied with Rule 609(b)(2) by providing it with written notice of his intent to impeach CW-1 with his prior convictions older than 10 years.

(quoting Collier, 527 F.3d at 699). No doubt that if the past conviction involved dishonesty, false statements, or any other offense in the nature of *crimen falsi*", these types of crimes are "believed to have a high value of impeachment—the only proper purpose served by admitting past convictions—because they bear directly on a witness's propensity to testify truthfully." U.S. v. Guerrier, ---F.Supp.3d---, 2021 WL 51583, *3 (M.D. Pa. Jan. 6, 2021) (citing Walker v. Horn, 385 F.3d 321, 334 (3rd Cir. 2004)).

However, the government argues that the age of CW-1's prior convictions does not support its admissibility. As mentioned, "[u]nder Rule 609(b), evidence of a conviction is inadmissible to impeach a witness if it is more than ten years old, unless the court decides that its probative value 'substantially outweighs' its prejudicial effect." U.S. v. Rahmaan, 372 Fed.Appx. 337, 339 (3d Cir. 2010). The government, in its brief, (Doc. 54 at 4), contends:

> As CW-1 has already pleaded guilty to fraud and identity theft charges [in the present case as a co-defendant], the defense will have ample opportunity to attack CW-1's character for truthfulness, without the need to leverage a 20-year-old conviction. Indeed, the potential probative value of CW-1's prior conviction is effectively non-existent, as CW-1 is expected to acknowledge CW-1's participation in the underlying scheme [allegedly involving Larry] to which CW-1 has already pleaded guilty.

The government cites to <u>Rahmaan</u>, *id*. at 339, for support. In <u>Rahmaan</u>, *id*., the Third Circuit held that "[t]he District Court did not err in precluding defendant from cross-examining a government witness with evidence regarding the witness's 1993 conviction, since "it was over ten years old and had virtually no probative value." The government argues that its motion *in limine* should be granted because cross-examining CW-1 with evidence regarding the witness's 20 year old convictions has little probative value since the witness will admit that he/she pleaded guilty to the fraud and identity theft charges which were part of the indictment filed in this case.

However, the court finds that CW-1's prior convictions have ample probative value and it will deny the government's motion. As Larry explains in his brief, (Doc. 57 at 3-4):

> The probative value of [CW-1's prior] convictions is high because the government will undoubtedly attempt to present [CW-1] to the jury as a man who should be trusted despite his 'acknowledgment', indeed trusted specifically because he now admits how he once strayed from the straight and narrow path, has accepted responsibility, has agreed to provide complete and truthful testimony for the government, etc. Evidence of [CW-1's] prior convictions is necessary to contradict this narrative and give the jury a fair perception of [CW-1] as a habitual liar, or at least a person who has engaged in untruthful conduct repetitively. The convictions show that [CW-1] previously participated in a dishonest scheme and entered a plea of guilty to charges of obtaining money by false pretenses and insurance fraud on a prior occasion. And despite whatever chastening effect the convictions had upon [CW-1], he went and did it all over again, presumably because a tendency

to be untruthful is part of his character. Excluding evidence of [CW-1's] prior convictions would "not permit defense counsel to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness," in violation of the Constitution's Sixth Amendment. Delaware v. Fensterer, 474 U.S. 15, 19 (1985)(internal quotation marks omitted).

The court also finds that the probative value of CW-1's prior *crimen falsi* convictions which "bear[s] directly on [the] witness's propensity to testify truthfully", Walker, 385 F.3d at 334, substantially outweighs its prejudicial effect. The jury is entitled to hear that CW-1 has a history of involvement with crimes involving dishonesty and this may effect the jury's credibility determination with respect to this witness. Also, since CW-1 will be admitting at trial that he/she pleaded guilty to the fraud and identity theft charges in the instant case, this actually reduces any prejudicial effect from the witness's prior convictions since evidence of the witness's recent involvement with *crimen falsi* crimes will already be heard by the jury.[3]

---

[3]The government notes that Larry also indicated in his notice of his intent to introduce CW-1's prior convictions "as reverse Rule 404(b) evidence of CW-1's intent, plan, and knowledge." However, since the court will allow Larry to introduce evidence of CW-1's prior convictions under Rule 609(b), it need not address defendant's attempt to also rely upon Rule 404(b). Also, since the court is denying the government's motion, it need not address Larry's alternate argument that he should be allowed to attack CW-1's character for truthfulness by inquiring into the dishonest acts and false statements underlying his prior convictions on cross-examination under Rule 608(b).

**IV. CONCLUSION**

Accordingly, the government's motion *in limine*, (Doc. 53), is **DENIED**, and defendant Larry will be allowed to introduce evidence of CW-1's 20 year old prior *crimen falsi* convictions for impeachment purposes on cross-exam after this witness testifies for the government in its case-in-chief at trial.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION
United States District Judge**

**DATE: April 29, 2021**
20-180-01