UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | | 3-CR-20-180 |
| v. | : | |
| | | (JUDGE MANNION) |
| **BRIAN LARRY,** | : | |
| Defendant | : | |

### MEMORANDUM

Before the court is the *pro se* Motion to Vacate, Set Aside, or Correct a Federal Sentence, pursuant to 28 U.S.C. § 2255, filed by defendant Brian Larry, (Doc. 137), on January 27, 2022. For the reasons that follow, defendant Larry's motion will be dismissed without prejudice to the timely filing of a new §2255 motion after his pending direct appeal to the Third Circuit has been decided.

### I.   BACKGROUND[1]

On July 28, 2020, an Indictment was filed against defendant Larry charging him with the following offenses: Count 1, Wire and Mail Fraud Conspiracy, beginning January 8, 2014 through October 2, 2018, in the Middle District of Pennsylvania, in violation of Title 18 U.S.C. §1349; Counts

---

[1] Since the relevant background to the instant motion filed by Larry is stated in the court's April 29, 2021 Memorandum, (Doc. 58), it will not be fully repeated herein. (*See also* Doc. 54).

1

2, 4, 6, 9, 11 & 12 Wire Fraud, in violation of Title 18 U.S.C. §1343; Counts 3, 5, 7, 8, & 10 Aggravated Identity Theft, in violation of Title 18 U.S.C. §1028A; and Count 13, False Statement, in violation of Title 18 U.S.C. §1001. (Doc. 1).

A jury trial was conducted and, on May 11, 2021, the jury found Larry guilty of all of the charged offenses, Counts 1-13.

On January 13, 2022, the court entered a Judgment of Conviction imposing an aggregate sentence of 90 months of incarceration on Larry. (Doc. 134).

On January 27, 2022, Larry filed his *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255, (Doc. 137), alleging, in part, ineffective assistance of counsel.

Also, on January 27, 2022, a timely Notice of Appeal regarding Larry's Judgment of Conviction was filed. (Doc. 140).

The court will now issue this Memorandum dismissing as premature Larry's §2255 motion without prejudice to his right to timely file a new §2255 motion after his conviction becomes final when his appeal to the Third Circuit, and any subsequent direct appeals, are decided.

**II.   DISCUSSION**

In Kline v. U.S., 2006 WL 680842 (M.D. Pa. March 14, 2006), a case similar to the instant case in which the convicted defendant filed a §2255 motion claiming that his counsel was ineffective, while the appeal of his

judgment of conviction was still pending with the Third Circuit Court of Appeals, the district court dismissed the motion without prejudice to the timely filing of a §2255 motion after defendant's direct appeals had concluded. The court in *Kline, id.* at *1, stated that "we find that the present case, in which a direct appeal is pending, does not present circumstances that fall into the narrow exception to the rule of exclusiveness of §2255." (citing Outterbridge v. Motley, 2005 WL 1541057 (D. N.J. June 30, 2005)). The court in *Kline, id.*, then explained:

> As the United States District Court of New Jersey explained in *Outterbridge*, it is clear that a §2255 motion should not be heard while a direct appeal is pending regarding the same conviction. Outterbridge, 2005 WL 1541057 at *2. Moreover, the Advisory Committee Note, to Rule 5 of the Rules Governing §2255 Proceedings, indicates that such a §2255 motion "is inappropriate if the movant is simultaneously appealing the decision." *Id*. In addition, as stated by the District Court in *Outterbridge*, while there is no jurisdictional bar to the District Court's entertaining a §2255 motion during pendency of a direct appeal, the orderly administration of criminal law precludes considering of such a motion absent extraordinary circumstances. "Other courts have likewise indicated their preference that a §2255 motion should not be considered while an appeal is pending." *Id.*; Capaldi v. Pontesso, 135 F.3d 1122 (6th Cir. 1998); United States v. Tindle, 522 F.2d 689 (D.C. Cir. 1975). Such a motion under §2255, if filed during pendency of a direct appeal, is ordinarily dismissed without prejudice. United States v. Deeb, 944 F.2d 545 (9th Cir. 1991), *cert. denied*, 503 U.S. 975, 112 S.Ct. 1597, 118 L.Ed.2d 312 (1992). Accordingly, we hold that Petitioner's §2255 Motion attacking his effectiveness of counsel, judgment of conviction, and sentence is premature as his direct appeal is pending before the Third Circuit Court of Appeals. (Rec.Doc. 38). Petitioner's §2255 Motion will be dismissed without prejudice to the timely filing of a

§2255 Motion after his conviction has become final following appeal.

This court agrees with the rational stated by the court in *Kline* and concurs with its conclusion since the court finds no "extraordinary circumstances" warrant consideration of the present §2255 motion while the petitioner's direct appeal to the Third Circuit is pending. *See also* U.S. v. Howard, 2008 WL 162148 (M.D. Pa. Jan. 15, 2008) (The district court dismissed §2255 motion to vacate as "premature without prejudice to defendant's right to file a timely §2255 motion after his conviction has become final following appeal.") (citing Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) ("[A] collateral attack [under §2255] is generally inappropriate if the possibility of further direct review remains open: A district court should not entertain a habeas corpus petition while there is an appeal pending in [the court of appeals] or in the Supreme Court."); *see also* United States v. Ford, 215 F.App'x 167, 168 (3d Cir. 2007) (affirming the district court's dismissal of a §2255 motion as premature while the defendant's direct appeal was pending); *Kline, supra*; Jelen v. United States, 2018 WL 3207414 (M.D. Pa. June 29, 2018) (finding defendant's §2255 motion premature when his direct appeal was pending before the Third Circuit Court of Appeals); U.S. v. Lopez, 2018 WL2018 WL 11227443  (E.D. Pa. Aug. 9, 2018), adopted by United States v. Lopez, 2018 WL 11227444 (E.D. Pa., Aug. 28, 2018) (holding that defendant's §2255 motion should be denied without prejudice

to the timely filing of a new §2255 motion after his conviction has become final following his appeal).

Thus, to the extent that Larry filed a motion under §2255 along with a notice of appeal of his judgment of his conviction, it is subject to dismissal without prejudice, as premature, and Larry's §2255 motion will not be decided while his direct appeal remains pending in the Third Circuit. *See* Kline, *supra*; Jelen, *supra*.

### III.  CONCLUSION

Based on the foregoing, the court will **DISMISS**, as premature, defendant Larry's §2255 motion, (Doc. 137), **WITHOUT PREJUDICE** to his right to timely file a §2255 motion after his conviction becomes final when his appeal to the Third Circuit, and any subsequent direct appeals, are decided. An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 7, 2022**
20-180-02